Submitted on the record June 25, accused censured August 7, 2003

Inquiry Concerning a Judge re:

# THE HONORABLE DOROTHY BAKER,
*Accused.*

(CJFD 01-062; SC S50542)

74 P3d 1077

Peter R. Jarvis, Portland, attorney for accused.

Stephen F. English, Portland, attorney for Commission on Judicial Fitness and Disability.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.

PER CURIAM

## PER CURIAM

This is a proceeding under ORS 1.420,[1] ORS 1.430,[2] and Article VII (Amended), section 8, of the Oregon Constitution to inquire into the conduct of a circuit court judge. The Oregon Commission on Judicial Fitness and Disability (commission) and the accused, Honorable Dorothy Baker, a judge of the Circuit Court of the State of Oregon for Multnomah County, agreed to a Stipulation of Facts and Consent to Censure (stipulation for censure) in which the accused stipulated that she engaged in conduct that violated the Oregon Code of Judicial Conduct Judicial Rule (JR) 1-101(A) (requiring judge to observe high standards of conduct and act in manner that promotes public confidence); JR 1-101(C) (prohibiting conduct reflecting adversely on judge's character, competence, temperament, or fitness to serve as judge); JR 2-106(A) (requiring disqualification if judge's impartiality reasonably may be questioned); JR 2-109 (requiring judge to maintain decorum in proceedings); and JR 2-110(A) (requiring judge to be patient, dignified, and courteous).

We set out the stipulation for censure in part:

### "STIPULATED FACTS

"If a contested hearing were held in this matter, clear, cogent and convincing evidence would be presented sufficient to establish the following facts:

---

[1] ORS 1.420(1) provides, in part:

"Upon complaint from any person concerning the conduct of a judge or upon request of the Supreme Court, and after such investigation as the Commission on Judicial Fitness and Disability considers necessary, the commission may do any of the following:

"* * * * *

"(c) The commission may allow the judge to execute a consent to censure, suspension or removal. If a consent is entered into under this paragraph, the judge and the commission must enter into a written stipulation of facts. The consent and stipulation of facts shall be submitted by the commission to the Supreme Court."

[2] ORS 1.430(2) provides, in part:

"If the commission has agreed to allow the judge to submit a consent to censure, suspension or removal, the Supreme Court shall review the stipulation of facts and the disciplinary action to which the judge has consented. If the Supreme Court approves the consent, the court shall censure the judge or order the judge suspended or removed from office pursuant to the terms of the consent. * * *"

"7.

"Lawrence Scott Stebbeds was placed on enhanced bench probation with the Accused following his second conviction of Driving Under the Influence of Intoxicants. One of the terms of his probation prohibited him from using or possessing alcoholic beverages. Stebbeds' Judgment also stated that he 'may not be where alcohol is a primary business such as a bar' and his Judgment Addendum stated that he 'not enter or frequent any establishment whose primary income is derived from the sale of alcohol.'

"8.

"On Friday, May 4, 2001, Stebbeds and two friends entered the bar area of McCormick's Fish House and Bar in Beaverton, Oregon. There were $2.00 dinner specials in the bar. Stebbeds asserted he was there for that purpose. Stebbeds also asserted he understood that he was permitted, under the terms of his probation, to go into the bar area of McCormick's Fish House and Bar so long as he did not drink alcohol.

"9.

"The Accused is in charge of Multnomah County's DUII Intensive Supervision Program (hereinafter 'DISP'). She no longer presides over trials but, instead, only handles pleas, sentencing, and follow-up for DUII offenders. Participants in DISP are not permitted to be in a bar regardless of whether or not they are drinking alcohol. Judge Baker had that condition in mind when she encountered Stebbeds in McCormick's Fish House and Bar on the evening of May 4, 2001.

"10.

"The Accused saw Stebbeds when he and his friends came into the bar and, based upon her recollection that Stebbeds had obligations under the DISP Program, believed that Stebbeds was in an off-limits area. Consequently, she walked over to Stebbeds, poked him in the shoulder and said to him, 'You're busted. You are so busted.' The Accused then ordered Stebbeds to report to her courtroom the next Monday at 9:00 a.m. and also said, 'Get out of here right now.'

"11.

"The actions of the Accused caused nearby restaurant patrons to turn their attention to the incident between the accused and Stebbeds. The waitress serving the accused stated that she believed she was witnessing a domestic disturbance and offered to locate a manager. Stebbeds' two companions also questioned the Accused's conduct. Stebbeds told his two companions that the Accused is a judge. The Accused told the waitress that she is a judge.

"12.

"When Stebbeds appeared in the Accused's courtroom on the morning of Monday, May 7, 2001, the Accused found him in violation of his probation based, in part, on her personal observation of him at McCormick's Fish House and Bar the previous Friday evening. In response to an answer Stebbeds gave to one of her questions, the Accused said, 'Oh, bullshit.' The Accused entered an order requiring Stebbeds to relinquish his driver's license, attend AA meetings three times per week, find a social activity, and serve three days in jail.

"13.

"The Accused did not have the authority to order Stebbeds to leave McCormick's Fish House and Bar on Friday, May 4, 2001. Having done so and given the probability that she would have to be a witness, the Accused should not have thereafter presided over a probation violation hearing involving Stebbeds on Monday, May 7, 2001.

"*VIOLATIONS*

"14.

"The Accused admits that, by engaging in the conduct described herein, she violated the following Rules of Judicial Conduct: (1) JR 1-101(A), which requires a judge to observe high standards of conduct so that the integrity of the judiciary is preserved and which requires a judge to act at all times in a manner that promotes public confidence in the judiciary and the judicial system; (2) JR 1-101(C), which requires a judge not to engage in conduct that reflects adversely on the judge's character, temperament, or fitness to serve as a judge; (3) JR 2-106(A), which requires a judge

to disqualify herself at a proceeding in which the judge's impartiality reasonably may be questioned; (4) JR 2-109, which requires a judge to maintain decorum in proceedings before the judge; and (5) JR 2-110(A), which requires a judge to be patient, dignified, and courteous to litigants, among others.

### "SANCTION

"The Accused and the [c]ommission agree that the appropriate sanction in this case is a censure, and by their signatures thereon consent to the imposition of censure upon the Accused by the Oregon Supreme Court."

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which the accused has consented. The court approves the consent to censure.

The accused is censured.